**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**LAWRENCE SMITH,**

                      **Plaintiff,**

    **- against -**

**AMERICAN EAGLE AIRLINES, INC.** *et al.***,**

                      **Defendants.**
-----------------------------------------------------------x

**OPINION AND ORDER**

**07 CV 3988 (NG) (RER)**

**GERSHON, United States District Judge:**

On June 14, 2007, plaintiff Lawrence Smith commenced this suit in New York State Supreme Court, Kings County, to challenge his termination. He named as defendants his former employer American Eagle Airlines, Inc. ("American Eagle"), his former Manager Tom McKinney, and his union Transport Workers Union of America, AFL-CIO ("TWU"). Plaintiff brought several claims against the defendants, including wrongful termination, race and age discrimination in violation of the New York State Human Rights Law ("NYSHRL"), prima facie tort, defamation, self-publication defamation, and intentional infliction of emotional distress ("IIED").

On September 24, 2007, with the consent of the other defendants, TWU timely removed this matter to federal court pursuant to 28 U.S.C. § 1441 on the grounds that any state law claims involving a union's relationship to its represented employees are preempted by federal labor laws. On September 28, 2007, plaintiff and TWU signed and filed a stipulation of discontinuance wherein plaintiff dismissed his claims against TWU with prejudice. On October, 15, 2007, two days before the court endorsed the stipulation, defendants filed another Notice of Removal with the court, noting that, while plaintiff served a Verified Complaint on defendants

on October 5, 2007, commencing the 30-day period by which defendants can remove this action under 28 U.S.C. § 1446, plaintiff had not filed the complaint with the court. In its Notice, defendants further argued that, although TWU had been dismissed from the case, federal jurisdiction was still appropriate because plaintiff's claims, specifically his claims for wrongful termination and prima facie tort, are "inartfully pled challenge[s] to an arbitration award" that are governed by the Railway Labor Act ("RLA"). After defendants filed their second Notice of Removal, plaintiff filed the Verified Complaint with the court that same day.

During a pre-motion conference held on October 16, 2007, plaintiff stated on the record that he was withdrawing his wrongful termination claim. Tr. at 20. By letter dated November 12, 2007, plaintiff confirmed his withdrawal of the wrongful termination claim and also withdrew his claims for prima facie tort and self-publication defamation. On December 4, 2007, plaintiff filed a motion to remand this matter to the New York State Supreme Court, Kings County, pursuant to 28 U.S.C. § 1447(c).

Defendants are correct that, since it has filed an Answer to the Verified Complaint, plaintiff cannot voluntarily withdraw claims without seeking leaving of court. *See* Fed. R. Civ. P. 41(a). However, defendants fail to identify any ground as to why these claims should not be dismissed as plaintiff requests in his letter dated November 12, 2007. The court therefore orders that the claims for wrongful termination, prima facie tort, and self-publication defamation are hereby dismissed.

The claims that now remain in this action include race and age discrimination in violation of the NYSHRL, defamation, and IIED. Defendants argue that the defamation and IIED claims, are "nothing but thinly veiled challenges to the arbitration award" and that federal jurisdiction is

therefore still appropriate. Alternatively, defendants argue that, even if there are no federal claims remaining, this court should exercise its discretion and retain jurisdiction.

Even assuming that this court could retain jurisdiction on claims that defendants did not rely on as a basis for removing this action, the face of plaintiff's complaint indicates that the remaining claims are state law claims. Despite defendants' characterization of plaintiff's claims as challenges to the arbitration award, the Supreme Court has reaffirmed that the plaintiff is "the master" of the complaint and, as such, he may "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998) ("[A] plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense."). Unless a plaintiff raises a state law claim that has been completely preempted, it is well-settled that "a plaintiff's suit does not arise under federal law simply because the defendant may raise the defense of ordinary preemption."[1] *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 273 (2d Cir. 2005). Here, defendants make no claim of complete preemption and, therefore, whether or not defendants have a valid preemption defense or some other defense that warrants dismissal of plaintiff's claims is a matter for the state judge to decide.

---

[1] The doctrine of "ordinary preemption" provides that a defendant cannot be held liable under state law because federal law preempts state law; the doctrine of complete preemption goes further and provides that "certain federal statutes are construed to have such 'extraordinary' preemptive force that state-law claims coming within the scope of the federal statute are transformed for jurisdictional purposes, into federal claims—i.e., completely preempted." *Sullivan*, 424 F.3d at 272. The Supreme Court has found only three statutes that require the court to construe any claims brought under them as being completely preempted and therefore arising under federal law: (1) § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185; (2) § 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a); and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85-86. *See id.*

3

The parties do not dispute that federal jurisdiction was appropriate when the TWU was a defendant in this case and that, when the basis for federal subject matter jurisdiction falls away, this court has discretion to either remand the remaining claims to state court or to maintain jurisdiction over those claims. *See 805 Third Avenue Co. v. Excel Mktg. Enterprises Corp.*, 1987 WL 12822, at *5 (S.D.N.Y. 1987). Where, as here, "the federal head of jurisdiction has vanished from the case, and 'there has been no substantial commitment of judicial resources'" to the remaining state-law claims, *id.*, remand to the state court is "clearly warranted," *Torres v. CBS News*, 879 F. Supp. 309, 321 (S.D.N.Y. 1995) (internal quotation marks omitted).[2] Plaintiff's motion to remand is therefore granted, and the Clerk of Court is directed to remand the action to New York State Supreme Court, Kings County.

**SO ORDERED.**

_____/s_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
       July 1, 2008

---

[2] Discovery is not yet completed in this action, which has been consolidated with *Smith v. American Eagle Airlines, Inc.*, No. 07-CV-3988 (E.D.N.Y. filed Sept. 24, 2007) for discovery purposes. That action, also pending before this court, is being dismissed by Opinion and Order of this date for plaintiff's failure to state a claim upon which this court can judicially review the arbitration award.